UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Hamm, # 10222498, *aka* Michael Eugene Hamm, *formerly* # 05052604,<br><br>Petitioner,<br><br>vs.<br><br>John Magill, *Department of Mental Health, S.V.P. Treatment Program*,<br><br>Respondent. | ) C/A No. 9:11-3098-RMG-BM<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Petitioner, a patient at a South Carolina Department of Mental Health facility at 7901 Farrow Road in Columbia, South Carolina, has filed this Petition pursuant to 28 U.S.C. § 2241. Petitioner discloses that he "maxed out" his twelve-year sentence for a lewd act on a child under the age of sixteen (conviction entered in the Court of General Sessions for Berkeley County) in the summer of 2011. Petitioner states that, six months prior to his scheduled release date, he was apprised that he had been placed under a probable cause order to hold him after his scheduled release because he was a sexually violent predator ("SVP"). Petitioner was taken to the Berkeley County "Jail" (Detention Center) on July 1, 2011. Petitioner indicates that he "voluntarily committed" himself into the SVP program on September 8, 2011, "to save" his right to a jury trial.



The grounds raised by Petitioner in the Petition relate to his conviction entered in 2005, in the Court of General Sessions for Berkeley County, for lewd act on a child under the age

of sixteen.  Petitioner's grounds are: *(I)* uncounseled guilty plea in 1998 for lewd act upon a child should not have been admissible at the sentencing hearing in 2005; *(II)* "Conflict of Statutes" between S.C. Code Ann. § 16-15-140 and S.C. Code Ann. § 44-48-30(1) – (2) resulted in Petitioner not being given "fair notice" that his crime would be reclassified from non-violent to violent; *(III)* ineffective assistance of counsel and "affirmative misadvice" relating to collateral consequences; and *(IV)* the Court of General Sessions lacked subject-matter jurisdiction.  Petitioner seeks a court order vacating his SVP Commitment Proceedings.

## *Petitioner's Habeas Corpus Actions*

Petitioner has filed two habeas corpus actions relating to his 2005 conviction for lewd act on a child under the age of sixteen.  Petitioner's first habeas corpus action relating to his 2005 conviction was *Hamm v. State of South Carolina, et al.*, Civil Action 0:06-2942-HMH-BM, which was summarily dismissed *without prejudice* on November 21, 2006, for failure to exhaust state remedies.  Petitioner's appeal in Civil Action 0:06-2942-HMH-BM was dismissed by the United States Court of Appeals for the Fourth Circuit on June 5, 2007.  *Hamm v. South Carolina*, No. 06-8062, 235 Fed.Appx. 974, 2007 WL 1655372 (4th Cir. June 5, 2007).

Petitioner's second habeas corpus action relating to his 2005 conviction was *Hamm v. State of South Carolina, et al.*, Civil Action No. 0:07-0826-HMH-BM, which was summarily dismissed *without prejudice* on June 4, 2007, again for failure to exhaust state remedies.  Petitioner's appeal in Civil Action 0:07-0826-HMH-BM was dismissed by the United States Court of Appeals for the Fourth Circuit on November 29, 2007.  *Hamm v. South Carolina*, No. 07-7021, 256 Fed.Appx. 602, 2007 WL 4232975 (4th Cir. Nov. 29, 2007).  Petitioner has not filed any other petitions relating to his 2005 conviction for lewd act on a child under the age of sixteen.



Petitioner also filed another habeas corpus action, *Hamm v. Warden Ridgeland Correctional Institution*, Civil Action No. 9:09-1297-HMH-BM, which concerned a conviction for indecent exposure entered in the Court of General Sessions for Charleston County on January 16, 2003. Summary judgment was granted to the Respondent in Civil Action No. 9:09-1297-HMH-BM on April 15, 2010. *Hamm v. Warden*, Civil Action No. 9:09-1297-HMH-BM, 2010 WL 1542174 (D.S.C. April 15, 2010). No appeal was filed.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (Motion for Leave to Proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. As Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). Even when considered under this less stringent standard, however, the undersigned finds and concludes fo the reasons set forth hereinbelow that this Section 2241 Petition is subject to summary dismissal.

Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picardy v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). In the present case, however, the Section 2241 petition is subject to summary dismissal because the petitioner is not "in custody." It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief; *see* 28 U.S.C. § 2241(c); and *Pringle v. Court of Common Pleas*, 744

3



F.2d 297, 300 (3rd Cir. 1984), which relies on an earlier case, *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968); and the "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas v. Vallee. See also Garlotte v. Fordice*, 515 U. S. 39 (1995). Here, since Petitioner voluntarily committed himself to the South Carolina Department of Mental Health, he is not there pursuant to a judgment or an order of a state court, and therefore fails to meet the "in custody" requirement.[1]

Further, prior to July 1, 2011, Petitioner had been "in custody" pursuant to the judgment of a state court, and he cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004), which is cited by the Honorable Henry F. Floyd, (then) United States District Judge, in *Rochester v. Reynolds*, Civil Action No, 8:10-1879-HFF-BHH, 2010 WL 3786193 (D.S.C. Sept. 21, 2010), *appeal dismissed*, No. 10-7712, 412 Fed.Appx. 571, 2011 WL 64126 (4th Cir. Feb. 23, 2011). The South Carolina Sexually Violent Predator ("SVP") Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170 (Westlaw 2011), provides that certain procedural steps be conducted in connection with a determination, in a civil proceeding, of whether or not to commit a person for treatment under the Act. For example, following the filing of a petition seeking a preliminary "probable cause" determination, § 44-48-70, a hearing on the probable cause issue must be held by a state Court of Common Pleas Judge (South Carolina Circuit Judge) prior to forced commitment of the person under the Act, and, upon a finding of probable cause, the potentially civilly committed person must undergo a subsequent evaluation by professional specialists. S.C. Code Ann. § 44-48-80. The person

---

[1] Although an involuntary commitment pursuant to a SVP commitment order satisfies the "in custody" requirement for purposes of seeking habeas relief, see Duncan v. Walker, 533 U.S. 167, 176 (2001), Petitioner admits in his Complaint that he voluntarily committed himself.



subject to civil commitment must be given notice and the opportunity to appear at the probable cause hearing in person to contest the matters alleged in the petition. *Id.* Thereafter, the civilly committed person, through appointed counsel, is permitted to challenge the probable cause determination, the contents of the professional evaluation(s), and any formal commitment order "at trial" in the applicable county Court of Common Pleas. S.C. Code Ann. § 44-48-90. If the civilly committed individual does not prevail at the civil trial level, the State of South Carolina provides appellate judicial review of all findings made by the civil trial judge under the Act. The appellate review of the Court of Common Pleas' final civil commitment determination is generally conducted by the South Carolina Court of Appeals, *White v. State*, 375 S.C. 1, 649 S.E.2d 172 (S.C. Ct. App. 2007); however, the review may also be conducted by the Supreme Court of South Carolina upon certification from the South Carolina Court of Appeals. *See Care & Treatment of Beaver v. State*, 372 S.C. 272, 642 S.E.2d 578, 579, 580 n.2 (2007); and Rule 204(b), SCACR.

Here, since Petitioner has not proceeded through the statutory mechanism of South Carolina's SVP Act, he has not exhausted his state court remedies. *See Michau v. Joan W. Warden, 9th Circuit Solicitor's Office*, Civil Action No. 2:11-0286-RMG-BM, 2011 WL 4943631,*2 (D.S.C. Oct. 17, 2011) ("Plaintiff's avenue of appeal of this determination is in state court and not in this Court."), *adopting* the undersigned's Report and Recommendation earlier reported at 2011 WL 4943822 (D.S.C. Sept. 14, 2011). *See also Jordan v. McMaster*, Civil Action No. 8:09-0051-CMC-BHH, 2010 WL 419928, *3 (D.S.C. Jan. 29, 2010) ("Therefore, as Petitioner cannot establish cause and prejudice for his failure to exhaust his state court remedies, consideration of the merits of this petition is foreclosed.").



## *Recommendation*

Accordingly, it is recommended that the Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*.  Petitioner's attention is directed to the very important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

December 2, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

