

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Hamm, # 10222498,<br>*aka* Michael Eugene Hamm, *formerly* # 05052604,<br><br>Petitioner,<br><br>vs.<br><br>John Magill, *Department of Mental Health, S.V.P. Treatment Program*,<br><br>Respondent. | C/A No. 9:11-3098-RMG<br><br><br>**ORDER** |

Before the Court is a *pro se* petition for a writ of habeas corpus relief filed November 14, 2011, pursuant to 28 U.S.C. § 2241. Petitioner, a patient at a South Carolina Department of Mental Health Facility in Columbia, South Carolina, has filed this petition seeking an order to vacate commitment proceedings stemming from a probable cause order issued to him under the South Carolina Sexually Violent Predator Act (the "Act").[1] (Dkt. No. 1). Petitioner alleges that he voluntarily committed himself to receive treatment prior to having a hearing. (Dkt. No. 1 at 2). This case was automatically referred to the United States Magistrate Judge for all pre-trial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

On December 2, 2011, the Magistrate Judge issued a Report and Recommendation ("R & R") that Petitioner's petition be dismissed without prejudice and without requiring Respondent to file an Answer or Return because Petitioner was not "in custody" at the time the petition was

---

[1] *See* S.C. Code Ann. §§ 44-48-10 through 44-48-170.

1

filed as required for purposes of receiving habeas corpus relief under § 2241[2], and because Petitioner failed to exhaust his state remedies prior to filing this petition. (Dkt. No. 9). Petitioner has not filed any objections to the Magistrate Judge's R & R. As explained more fully herein, the Court agrees with the recommendation of the Magistrate Judge and dismisses Petitioner's petition without prejudice and without requiring Respondent to file an Answer or return.

## Law/Analysis

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In 2005, Petitioner was sentenced to twelve years after he was convicted of committing a lewd act upon a minor. (Dkt. No. 1 at 15). Petitioner stated that six months prior to his scheduled release from prison, he was advised that he was being placed on a probable cause order as a "Sexually Violent Predator" ("SVP") by way of the Act. (Dkt. No. 1 at 12). Petitioner alleges that he was transferred to Berkeley County Detention Center on July 1, 2011 to await a

---

[2] *See* 28 U.S.C. § 2241(c)

2

probable cause hearing.³ (Dkt. No. 9). However, once at the Detention Center, Petitioner decided to instead "voluntarily commit" himself into the Department of Mental Health, SVP Treatment Program on September 8, 2011. (Dkt. No. 1 at 2-3). Consequently, Petitioner was no longer "in custody" on November 14, 2011, when he filed this petition as a "voluntarily committed" patient of the SVP Treatment Program.⁴

Further, Petitioner has also failed to exhaust his state remedies prior to filing this petition.⁵ As thoroughly discussed by the Magistrate Judge, the Act provides for certain procedural steps in connection with a determination, in a civil proceeding, of whether or not to commit a person for treatment.⁶ (Dkt. No. 9). Here, Petitioner must proceed through the statutory mechanism of the Act, which includes a hearing on the probable cause order issued to him by a state Court of Common Pleas Judge, before resorting to federal habeas corpus relief.⁷

## Conclusion

The Court, after a thorough review of the Report and Recommendation of the Magistrate Judge and the relevant case law, finds the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. It is therefore **ORDERED** that the Petition is **DISMISSED** *without prejudice and without requiring Respondent to file an Answer or Return.*

---

³ *See* S.C. Code Ann. § 44-48-80(a)-(b).
⁴ An applicant for federal habeas corpus relief must be in custody at the time the petition is filed with the federal district court. *See Carafas v. LaVallee,* 391 U.S. 234, 238 (1968); *Huante v. Craven,* 500 F.2d 1004, 1005-06 (9th Cir. 1974).
⁵ As noted by the Magistrate Judge, Petitioner cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing what purports to be a § 2241 petition. *See Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004).
⁶ *See* S.C. Code Ann. § 44-48-70 through § 44-48-90.
⁷ *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

3

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February __, 2012
Charleston, South Carolina

4